IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

COLONY INSURANCE COMPANY                                                         PLAINTIFF

v.                                        Case No. 4:14-cv-4108

STEPHANIE REYNOLDS and
SEAN LINDBERG                                                                   DEFENDANTS

## ORDER

Before the Court is Defendant Stephanie Reynolds's ("Reynolds") First Amended Motion to Remand. (ECF No. 19). Plaintiff Colony Insurance Company ("Colony") has responded. (ECF No. 25). The Court finds this matter ripe for its consideration. For the reasons reflected herein, the Motion to Remand should be denied.

Reynolds argues that there is a pending case in Hempstead County, Arkansas Circuit Court, No. 29-cv-13-178-2, which involves the same issues as brought by Colony in the instant lawsuit. Reynolds asks the Court to exercise its discretionary jurisdiction to remand the case because it is uneconomical to exercise jurisdiction over the suit. Colony replies that this action cannot be remanded because it was originally filed in federal court, and abstention is not appropriate to warrant dismissal.

I. Background

On October 31, 2013, Defendant Sean Lindberg ("Lindberg") filed a tort action in Hempstead County against Reynolds, alleging that he was injured in an accident on Reynolds's property while operating an ATV owned by Reynolds. Reynolds filed an answer on January 24, 2014 and Reynold's insurance carrier, Colony, filed an answer on January 29, 2014. The state court entered a Default Judgment with regard to liability because the answers were not filed within the time limit

required by the Arkansas Rules of Civil Procedure.  Reynolds then filed a Motion to Set Aside the Default Judgment, and the Hempstead County Circuit Court denied the motion with the exception of the allegations in Lindberg's Complaint related to liability under the recreational act (Ark. Code Ann. § 18-11-307) and the allegations for punitive damages.  The state court found that the Complaint failed to state a cause of action for punitive damages under the recreational act.

Lindberg then, on September 4, 2014, filed a Motion to Amend and Modify the Default Judgment order under Arkansas Rule of Civil Procedure 60.  In the Motion, he asked that the Court modify the its default judgment order to reflect the Court's previous findings that Reynolds had timely provided notice to Colony of the *Lindberg* lawsuit.  On October 16, 2014, the state court entered an Amended Order denying the Motion to Set Aside the Default Judgment, but included its finding that Reynolds had given the Summons and Complaint to Colony Insurance Company within thirty days of her being served.

On August 20, 2014, Colony filed the instant Declaratory Judgment action in this Court.  In it, Colony asks the Court to declare that it no longer has a duty to defend or indemnify Reynolds for the state court *Lindberg* lawsuit because (1) Reynolds failed to notify Colony of the Summons and Complaint in a timely manner, (2) Lindberg is an insured, and (3) the vehicle Lindberg was riding may be excluded by the language of the policy.  In the instant Motion to Remand, Reynolds asks this Court to use its discretionary authority to refuse to consider Colony's pending declaratory judgment action because the case involves the same parties and issues as the state court *Lindberg* lawsuit and because it arises under Arkansas law.

II.  Discussion

Initially, the Court notes that Reynolds's request for remand is not an action this Court can

2

take because the action was not removed from state court. *See* 28 U.S.C. § 1447 (remand is a procedure available for removed cases); *First Nat'l Bank of Pulaski v. Curry*, 301 F.3d 456, 467 (6th Cir. 2002) ("[W]hile a district court has the discretion to remand a case removed from state court, it may not remand a case that was never removed from state court"); *Bradgate Assocs., Inc. v. Fellows, Read & Assocs., Inc.*, 999 F.2d 745, 750-51 (3rd Cir. 1993) (noting that the substantive rights of the litigants differ depending on whether they are parties to a case originally filed in federal court or parties to a case which was removed from state court; lack of subject matter jurisdiction terminates a case originally filed in federal court because Federal Rule of Civil Procedure 12(h)(3) instructs the district court to dismiss cases which do not meet jurisdictional prerequisites). This action was originally filed by Colony in this Court. Therefore, Reynolds's request cannot be construed as a motion to remand, but rather as a motion to abstain from exercising jurisdiction. If the Court finds it appropriate to abstain, the correct procedure is not to remand the case, but instead to dismiss it. *See Bradgate Assocs., Inc.*, 999 F.2d at 750-51.

This Court has original jurisdiction over the action because there is complete diversity between the parties and the amount in controversy is more than $75,000. The Supreme Court has emphasized that the Declaratory Judgment Act is "procedural only." *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 240 (1937); *see also Vaden v. Discover Bank*, 129 S. Ct. 1262, 1278 n.9 (2009). In other words, while the Act vested federal judges with a new remedial authority, it did not enlarge the federal courts' constitutional or statutory jurisdiction. A federal court may declare rights only when presented with a justiciable controversy within its subject matter jurisdiction.

Although rare, federal courts may sometimes refrain from exercising jurisdiction over a case

properly filed in federal court. "The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." *County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188 (1959). In *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976), the Supreme Court noted that federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them."

However, the test articulated in *Colorado River* for a federal court to abstain when there are parallel state proceedings does not apply to actions under the Declaratory Judgment Act. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). Federal courts have more discretion to abstain in an action when a party seeks relief under the Declaratory Judgment Act. *See id.* at 286-87; *Brillhart*, 316 U.S. at 494-95. This broader discretion arises out of the Declaratory Judgment Act's language that a court "*may* declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a) (emphasis added).

A district court has discretion to abstain in an action filed under the Declaratory Judgment Act when there is a parallel state court proceeding. In *Brillhart*, the United States Supreme Court instructed that, for a district court to have discretion to abstain in a Declaratory Judgment Act proceeding, the parallel state court proceeding must present "the same issues, not governed by federal law, between the same parties," and the court must evaluate "whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc." *Brillhart*, 316 U.S. at 495. After considering these factors, a federal court may abstain from the proceeding because "[o]rdinarily it would be uneconomical as well as vexatious for a federal court to proceed in a

4

declaratory judgment suit where" a parallel state court proceeding is pending. *Id.* "These descriptions are necessarily imprecise given the wide array of issues—and varying articulations of similar issues—that may arise in arguably related litigation. As a functional matter, though, state proceedings are parallel if they involve the same parties or if the same parties may be subject to the state action and if the state action is likely to fully and satisfactorily resolve the dispute or uncertainty at the heart of the federal declaratory judgment action." *Lexington Ins. Co. v. Integrity Land Title Co., Inc.*, 721 F.3d 958, 968 (8th Cir. 2013) (internal quotations omitted).

However, if the Court finds that the actions are not parallel, that does not end the inquiry of whether abstention is appropriate. The Eighth Circuit has further instructed, in *Scottsdale Ins. Co. v. Detco Indus., Inc.*, 426 F.3d 994 (8th Cir. 2005), that a federal court may abstain in the absence of parallel state proceedings based upon a different set of factors. *Id.* at 998; *see also American Home Assur. Co. v. Pope*, 487 F.3d 590, 602 (8th Cir. 2007). The factors the Eighth Circuit adopted from the Fourth Circuit in *Scottsdale* are as follows: (1) whether the declaratory judgment sought will serve a useful purpose in clarifying and settling the legal relations in issue; (2) whether the declaratory judgment will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the federal proceedings; (3) the strength of the state's interest in having the issues raised in the federal declaratory judgment action decided in the state courts; (4) whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending; (5) whether permitting the federal action to go forward would result in unnecessary entanglement between the federal and state court systems because of the presence of overlapping issues of fact or law; and (6) whether the declaratory judgment action is being used merely as a device for procedural fencing, that is to provide another forum in a race for res judicata

or to achieve a federal hearing in a case not otherwise removable.

The federal Declaratory Judgment action and the *Lindberg* state court action are not parallel. In *Scottsdale Ins.*, the parties to the federal case were an insurer and its insured. The insured was a named defendant in multiple actions in state court premised on tort liability. The insurer was not a party to the state court lawsuits, and the insurers obligations to the insured under the insurance policies were not at issue in those actions. In that case, very similar to the facts before the Court in the present case, the Eighth Circuit reversed the district court's holding that the cases were parallel. After consideration of the *Brillhart* factors in the present case, this Court reaches the same conclusion.

First, the scope of the pending state court proceeding is tort between two individuals. The scope of the federal lawsuit is a contract action to declare the rights of an insurer and its insured. *See Scottsdale*, 426 F.3d at 996-997. Though the factual service of process issue has been determined by the state court, that Reynolds provided timely notice of the Lindberg lawsuit to Colonly, Colony was not a party to the action and did not have a fair opportunity to litigate the issue of notice. Moreover, even if the state court's finding on notice were binding on Colony, the state court decision does not establish that there is coverage. It does not establish or answer any of the coverage defenses raised by Colony in its declaratory judgment action. Because Colony is not a party to the state court action, Colony did not have the ability to raise its coverage defense.

Reynolds argues that Colony is part of the state court action because Colony is defending the state court case through counsel retained by Colony to defend Reynolds. That fact does not give Colony the ability to raise its own issues, rather, any counsel retained by Reynolds or representing Reynolds is retained for that purpose and not for the purpose of defending Colony.

Reynolds argues that the policy is an Arkansas policy controlled by Arkansas law with no federal questions necessary for the attention by a federal court and thus there is no need for the federal court to intervene. However, Colony does not ask for the federal court to intervene regarding the Arkansas issues relating to tort, instead, the federal court is being asked to determine contract issues which involve Colony and Reynolds, residents of different states. Thus, the Court has diversity jurisdiction over the action and the federal court is an appropriate place for resolution of the issues. Accordingly, this Court finds that, because the parties and issues are different in the state and federal cases, the injection of federal court into the litigation would not be gratuitous and unnecessary. The Court, therefore, will not abstain from the proceedings on the basis of a parallel state court proceeding when the two proceedings in this case are not parallel.

The question, therefore, becomes whether, under the Eighth Circuit's instruction in *Scottsdale*, the Court should abstain from exercising jurisdiction over the declaratory judgment action in which there is no parallel state court proceedings. While this Court's discretion is greater in determining whether to exercise jurisdiction over a declaratory judgment action than in other circumstances, this Court recognizes that its discretion is limited when there is not a parallel proceeding in state court because there are "less-pressing interests of practicality and wise judicial administration." *Scottsdale*, 426 F.3d at 999.

The Court finds that, after an analysis of these factors, abstention is not appropriate. The first and second factors weigh against abstention. The declaratory judgment would "clarify and settle" the legal relations at issue and would afford relief from the "uncertainty, insecurity, and controversy" between Colony and Reynolds. The third and fourth factor similarly weigh against abstention. There is no state interest in having the issues decided in state court, and, because there are no

pending parallel cases, the efficiency factor weighs against abstention. There is no unnecessary entanglement. Though there are overlapping factual issues, whether Colony has a duty to defend Reynolds is ultimately most appropriately found in a lawsuit where Colony is a party and has the ability to offer its own defenses, not in any factual determinations in a tort lawsuit between two individuals. And finally, the Court finds that Colony is not using the declaratory judgment action as a "procedural fencing" device. Though Reynolds argues that important questions of notice have already been determined factually by the state court, the state court has not had an opportunity to determine the defenses to coverage raised by Colony.

### III. Conclusion

The Court concludes that because the state court proceeding is not parallel, and because no factor in the *Scottsdale* case weighs in favor of dismissing the declaratory judgment action, the Defendant's First Amended Motion to Remand (ECF No. 19) should be and hereby is DENIED.

**IT IS SO ORDERED**, this 9th day of December, 2014.

        /s/ Susan O. Hickey
        Susan O. Hickey
        United States District Judge